IVO LABAR (203492)
MELISSA PERRY (305600)
**KERR & WAGSTAFFE LLP**
101 Mission Street, 18th Floor
San Francisco, CA 94105-1727
Telephone: (415) 371-8500
Fax: (415) 371-0500
Email: labar@kerrwagstaffe.com
Email: perry@kerrwagstaffe.com

Attorneys for Plaintiff
GLOBAL QUALITY FOODS, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLOBAL QUALITY FOODS, INC., a California corporation,<br><br>       Plaintiff,<br><br>    v.<br><br>VAN HOEKELEN GREENHOUSES, INC., a Pennsylvania corporation,<br><br>       Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) VIOLATION OF CARMACK AMENDMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff hereby alleges as follows:

## JURISDICTION

1.      Subject matter jurisdiction is proper under 28 U.S.C. sections 1331 and 1337, inasmuch as this matter represents a civil action brought pursuant to the Carmack Amendment (49 U.S.C. section 14706) and involves an amount in controversy exceeding $10,000 exclusive of interest and costs.  28 U.S.C. section 1331 states: "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. section 1337 states: "the district courts shall have original jurisdiction of an action brought under section 11706 or 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs."

## VENUE

2.      Venue is proper in the Northern District of California pursuant to 28 U.S.C. section 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred here.

## INTRADISTRICT ASSIGNMENT

3.      Pursuant to Civil Local Rule 3-2, intradistrict assignment to the Oakland Division is proper because it is the County in which a substantial part of the events or omissions which give rise to the claim occurred.

## PARTIES

4.      Plaintiff Global Quality Foods, Inc. ("Global Quality Foods" or "Plaintiff") is and at all relevant times mentioned herein was, a California corporation with its principal place of business in Hayward, California.  Global Quality Foods at all pertinent times was the owner of the Cargo referred to herein below.

5.      Defendant Van Hoekelen Greenhouses, Inc. ("Van Hoekelen" or "Defendant") is and at all relevant times mentioned herein was, an interstate motor carrier incorporated in Pennsylvania with its principal place of business in Schuylkill County, Pennsylvania.

## GENERAL ALLEGATIONS

6.      On or about February 12, 2015, Global Quality Foods contracted with Total

1   Quality Logistics, LLC ("Total Quality Logistics") to ship 25,504 pounds of fresh swordfish

2   (hereinafter "the Cargo") from Global Quality Foods' warehouse in Hayward, California to

3   Stavis Seafoods and Boston Sword & Tuna (hereinafter "Consignees") in Boston, Massachusetts.

4   Global Quality Foods and Total Quality Logistics agreed the Cargo would depart from Hayward,

5   California on February 13, 2015 and arrive at Consignees in Boston, Massachusetts on February

6   16, 2015 between 5:00AM and 6:00AM.

7          7.      Global Quality Foods contracted with Consignees to sell the Cargo for $6.50 per

8   pound.

9          8.      On or about February 13, 2015, the Cargo was loaded into a truck provided by

10  Van Hoekelen in the presence of representatives of Global Quality Foods, at which time the

11  Cargo was delivered to Van Hoekelen, in good order and condition, to be shipped from

12  Hayward, California to Boston, Massachusetts.

13         9.      The Bills of Lading were signed for by Van Hoekelen confirming that the Cargo

14  was, upon leaving Hayward, California, in good condition.

15         10.     At some unknown time after the Cargo left Hayward, California, the Van

16  Hoekelen truck stopped for extended periods of time.

17         11.     The Cargo arrived on February 19, 2015 in the evening, a delay of more than 72

18  hours after the agreed upon date and time.

19         12.     Stavis Seafoods rejected the shipment in its entirety.

20         13.     Upon the Cargo's arrival, Boston Sword & Tuna inspected the Cargo and found

21  the Cargo severely damaged.

22         14.     According to the Bills of Lading, the Cargo was damaged and referenced as

23  "frozen" with "brown tails."

24         15.     Boston Sword & Tuna partially accepted the salvaged shipment, inclusive of

25  25,176 pounds of the Cargo for a reduced cost of $2.00 per pound.

26         16.     In a letter correspondence dated February 25, 2015, Boston Sword & Tuna

27  confirmed the damage to the Cargo.

28         17.     Pursuant to 49 U.S.C. section 14706(e), Global Quality Foods filed a claim on



KERR
&
WAGSTAFFE
LLP

Case No.

2

COMPLAINT

1    July 10, 2015 with Van Hoekelen.

2         18.    In a letter correspondence dated November 24, 2015, Van Hoekelen's insurance

3    company, Liberty Mutual Insurance, wrongfully disclaimed all of Van Hoekelen's liability for

4    any damages sustained by Global Quality Foods and has since refused to compensate Global

5    Quality Foods for its sustained losses.

6         19.    As a result of the Defendant's conduct, Global Quality Foods sustained damages

7    in the amount of $115,424.

8                           **FIRST CLAIM FOR RELIEF**
                    **(VIOLATION OF CARMACK AMENDMENT)**
9                           **(Against Van Hoekelen)**

10        20.    Plaintiff hereby incorporates by reference the preceding paragraphs as if fully set

11   forth herein.

12        21.    The Cargo was delivered to the carrier at Global Quality Foods' warehouse in

13   Hayward, California in good condition, the Cargo arrived in Boston, Massachusetts in damaged

14   condition, and Global Quality Foods sustained damages in the amount of $115,424.

15        22.    By reason of Van Hoekelen's conduct as alleged above, Defendant violated the

16   Carmack Amendment to the Interstate Commerce Act (49 U.S.C. section 14706) and is strictly

17   liable for Global Quality Foods' damages.

18

19                              **PRAYER FOR RELIEF**

20        WHEREFORE, Plaintiff prays for judgment in its favor and against Defendant as

21   follows:

22        a.   For $115,424 in damages, pursuant to 49 U.S.C. section 14706(a);

23        b.   For lost profits and consequential damages in an amount according to proof at trial;

24        c.   For costs of suit and prejudgment interest as permitted by law;

25        d.   For such other and further relief as the Court deems just and proper.

26

27

28

KERR
&
WAGSTAFFE
LLP

Case No.                                                                    COMPLAINT

Dated:  February 24, 2016                      **KERR & WAGSTAFFE LLP**

                                   By:   /s/ Ivo Labar
                                         IVO LABAR

                                         Attorneys for Plaintiff
                                         GLOBAL QUALITY FOODS, INC.


### DEMAND FOR JURY TRIAL

Pursuant to Civil Local Rule 3-6, Plaintiff hereby demands a trial by jury in this matter.


Dated:  February 24, 2016                      **KERR & WAGSTAFFE LLP**

                                   By:   /s/ Ivo Labar
                                         IVO LABAR

                                         Attorneys for Plaintiff
                                         GLOBAL QUALITY FOODS, INC.